UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:21-CR-53-KKC

UNITED STATES OF AMERICA,     PLAINTIFF,

V.     **RECOMMENDED DISPOSITION**

BRANDON M. FLEMING,     DEFENDANT.

The defendant appeared before the undersigned for a hearing on charges of committing multiple violations of supervised release. Present and represented by counsel, the Defendant expressed his desire to stipulate to all violations and, as a result, was placed under oath and advised of all applicable rights including the right to remain silent, to the assistance of counsel, and to a final hearing. In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment. During the hearing Fleming stipulated to committing violations 1, 2, 4 and 5. The United States moved to dismiss violation 3 without prejudice. Afterward the Court heard statements from all parties relevant to the penalty that should be imposed and took the matter under advisement.

Based upon the Defendant's testimony at the final hearing admitting to the violation conduct, it is established by a preponderance of the evidence that he committed the following violations of supervision:

**Violation #1**

**Mandatory Condition #1: You must not commit another federal, state or local crime.** All of the charges listed in the Violation Conduct (Violation 2) section of this report are misdemeanors, according to Indiana state law. The Defendant admitted to this conduct. **This is a Grade C Violation**.

1

**Violation #2**

**Standard Condition #3: You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.**
Fleming was arrested in the Southern District of Indiana. He did not have permission to be outside the Eastern District of Kentucky on September 30, 2024, the date of his arrest. **This is a Grade C Violation**.

**Violation #4**

**Mandatory Condition #3: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.**

**Mandatory Condition #2: You must not unlawfully possess a controlled substance.**
On October 2, 2024 Fleming tested positive for fentanyl, benzodiazepines, amphetamine, methylenedioxymethamphetamine (MDMA), and methamphetamine. An in-house laboratory tested the specimen (#187640) for fentanyl, opiates, amphetamines, cocaine, and cannabinoids, as these are the substances tested for by their in-house lab. The test was confirmed positive for fentanyl and amphetamine. The test was also sent to Alere Laboratories for confirmation of benzodiazepines and MDMA. The results of that test are pending (Alere Specimen #B05357421). **This is a Grade C Violation**.

**Violation #5**

**Mandatory Condition #1: You must not commit another federal, state or local crime.**

Fentanyl and amphetamine are Controlled Substances pursuant to the Controlled Substance Act. Due to the Sixth Circuit Court of Appeals' finding that use is the equivalent of possession and with the defendant's prior drug conviction, simple possession of fentanyl and amphetamine constitutes conduct that would result in a violation of 21 U.S.C. Section 844(a), a class E Felony, punishable by a term of imprisonment not to exceed two years. **This is a Grade B Violation**.

The most serious conduct constitutes a Grade B violation of his supervision conditions.

Fleming has a criminal history category of V, which leads to a Guidelines recommendation that

if revoked, he should be incarcerated for 18-24 months, with the maximum authorized period of imprisonment being 24 months. Supervision may be reimposed for up to 36 months, less the time spent incarcerated on the violations.

## STANDARD

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for guidance in recommending a sentence, properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the sentence to be imposed, shall consider B
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed B
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing ranges established...
> (5) any pertinent policy statement...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## DISCUSSION

Brandon Fleming was born on November 17, 1993, and is now almost 31 years of age. He was raised in a good home by his parents, first in Chicago and then in Kentucky, where the

family moved in 2010. Never married, he is the father of one child. In 2020, he was treated at the University of Kentucky Medical Center after sustaining multiple gunshot wounds during an altercation on June 19, 2020. He has no known history of mental or emotional difficulties but reports a history of substance abuse beginning at the age of 12 for Marijuana, as well as alcohol and Xanax during his later teen years. He dropped out of high school during his 11th grade year and sought no further formal education. He has had little employment.

On January 10, 2022, Fleming was sentenced to 30 months imprisonment, with a three-year term of supervised release to follow after pleading guilty to a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm. On August 3, 2023, he was released from the Bureau of Prisons to begin service of supervision.

## HISTORY AND CHARACTERISTICS

In considering the nature and circumstances of the instant offenses and the Defendant's history and characteristics, the court finds the following particularly relevant. On September 30, 2024, he committed the conduct now forming the basis for the present violations when he left the district without permission, was subject to a traffic stop where he was charged with multiple violations of law in Indiana, and later tested positive for fentanyl and amphetamines. His prior criminal history is summarized as follows:

1. On March 7, 2012, Fleming was arrested and charged with Wanton Endangerment, Criminal mischief, Unauthorized use of a Motor Vehicle, and Leaving the scene of an accident. According to records, on March 6, 2012, officers were dispatched to 804 Warfield Place in Lexington, Kentucky, in reference to a vehicle theft that had just occurred. When officers arrived at the location, they witnessed a vehicle matching the description of the stolen vehicle backing out of the driveway of the residence. The

officer placed his vehicle in the road and activated the emergency lights. As the vehicle came toward the officer, who was standing outside the police cruiser, the officer yelled, "Stop!" The vehicle accelerated past the officer causing the officer to quickly move out of the way. The officer then pursued the vehicle, which ultimately struck another vehicle. The driver, identified as Brandon Fleming, began to flee on foot. On March 8, 2013, Fleming was sentenced to a suspended jail sentence, and 2 years of probation. He violated his probation on August 8, 2012 and again on November 22, 2013. He was given 6 months in jail.

2. On March 6, 2013, Fleming was charged with Possession of Marijuana. This conduct occurred while awaiting sentencing for the conduct alleged in paragraph 1, above.

3. On April 5, 2013, he was charged with attempted possession of a controlled substance and operating on a suspended/revoked operator's license. This conduct occurred while Fleming was subject to a suspended sentence imposed by Fayette Circuit Court in paragraph 1, above. He was sentenced on September 23, 2014 to another suspended sentence of 12 months in jail. He then violated probation on April 15, 2015, and remained in custody until minimum expiration of his sentence on November 14, 2017.

    a. While awaiting sentencing on the violation outlined in paragraph 3, above, Fleming was charged and ultimately convicted of Fleeing or Evading, possession of marijuana, buying/possessing Drug paraphernalia and Possession of a controlled Substance, among other charges.

4. The plea agreement in his case is based upon conduct that occurred in 2021 and involved Fleming, a convicted felon, being in possession of a stolen firearm.

5

## **RECOMMENDATION**

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

In fashioning a recommendation in the case, the Court considers the information above, Fleming's background and criminal history category of V. In addition, the Court considers his statements, wherein he expressed his sincere desire to be given a chance to continue on supervision, requesting the Court's assistance with that goal. However, to satisfy the considerations of the statute, the undersigned can find no reason to recommend a sentence below the recommended guideline range. Fleming offers little evidence to indicate that he is committed to seeking improvement in his life. He has not pursued further education or employment with any commitment since leaving high school. His history exhibits a pattern of committing violations of the law while charges against him remain pending, and he fails to comply with some very basic conditions of supervision, such as seeking the permission of his probation officer before leaving the district. Therefore, the Court can find nothing in his history or personal characteristics to justify a below guidelines sentence and, therefore will recommend a low guidelines sentence with a period of incarceration for 18 months, with 36 months of supervision to follow (less the period of time spent while imprisoned on the violation conduct. to follow).

**CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by his own admission, and therefore has been proven by a preponderance of the evidence. Therefore,

IT IS RECOMMENDED:

(1) That the Defendant be found guilty of Violations 1, 2, 4 and 5, as charged, and that the United States' motion to dismiss Violation 3 without prejudice be GRANTED.

(2) That his supervision be revoked.

(3) That he should be sentenced to a period of 18 months incarceration with 36 months of supervision to follow, less the time spent while incarcerated.

(4) That upon a waiver filed into the record **WITHIN FOURTEEN DAYS** evidencing a knowing, intelligent and voluntary relinquishment of his right of allocution in this action, his supervision should be revoked, and he be sentenced; and

(5) If the Defendant chooses to exercise his right of allocution before the presiding District Judge, the matter should be scheduled for a final hearing for purposes of allocution and sentencing.

Specific objections to this Report and Recommendation must be filed within FOURTEEN (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749ʙ50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another

party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed October 21, 2024.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge